[Cite as *Hofbauer v. Patel*, 2026-Ohio-2507.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

MICHAEL HOFBAUER

APPELLANT

V.

GITA U. PATEL, ET AL.

APPELLEES

COURT OF APPEALS NO. {48}L-25-00281

TRIAL COURT NO. CI0202502931

### DECISION AND JUDGMENT

Decided:  June 30, 2026

* * * * *

Michael Hofbauer, pro se, appellant.

Paul-Michael LaFayette and Cori Agnoni, for appellees.

**DUHART, J.**

{¶ 1} Appellant pro se, Michael Hofbauer, appeals from a judgment of the Lucas County Court of Common Pleas granting appellee Gita U. Patel's Civ.R. 12(B)(6) motion to dismiss and denying Hofbauer's motion to amend his complaint. For the reasons that follow, the trial court's judgment is affirmed.

### Statement of the Case and the Facts

{¶ 2} On August 8, 2025, Hofbauer filed a complaint against appellees, Gita U. Patel and Groth & Associates, purporting to set forth causes of action for breach of

contract, violation of privacy as to his medical information, disability discrimination under the Americans with Disabilities Act ("ADA"), libel, "punitive damages," and injunctive relief.

{¶ 3} Within his 16-page complaint, Hofbauer detailed the history of an ongoing juvenile court custody case in which he and his former spouse (the "Mother") had been negotiating Hofbauer's visitation rights relative to their minor son. He alleged that following a "relapse," he and the Mother had an oral agreement that permitted Hofbauer unsupervised visits with the child. He further alleged that following a period of successful unsupervised visits, the Mother discontinued the visitation after "the dependent claim issue was brought up" and the Mother "became upset claiming she wanted the tax credits." It was from there that juvenile court proceedings relative to visitation and allocation of tax credits ensued. The Mother, who is not a party to the current lawsuit, retained appellee Patel to represent her in those proceedings. Hofbauer named Patel's employer, Groth & Associates, as a defendant on the theory of vicarious liability.

{¶ 4} During the course of the juvenile court proceedings, Patel communicated a proposed agreement to be entered into between Hofbauer and the Mother relative to Hofbauer's unsupervised visitation of the child predicated upon Hofbauer submitting to drug testing. Believing the agreement was in place, Hofbauer submitted to drug testing but when he went to pick up the child for visitation, the Mother refused the visitation. Based on these facts, Hofbauer asserted his breach of contract claim against Patel.

{¶ 5} Hofbauer stated in the complaint that although the Mother was initially responsible for the difficulties he encountered in the juvenile case, the "most liable"

2.

parties were Patel and her law firm employer. Hofbauer claimed that, as the Mother's attorneys, appellants exercised control over the Mother's conduct and, as a consequence of that control, appellants were responsible for the Mother's alleged breach of contract regarding his unsupervised visitation with his son.

{¶ 6} In his ADA claim, Hofbauer alleged that the Mother abruptly halted his unsupervised visits in retaliation for his inquiry about a past tax dependent claim that the Mother had made. Hofbauer considered this to be discrimination against him because of his status as a recovering addict, which is a protected status under the ADA.

{¶ 7} Hofbauer based his claims of libel and slander on disclosures that were made to the court in the juvenile court proceedings. Specifically, he cited a representation that Patel had made on the Mother's behalf, via a motion to the juvenile court, regarding the Mother's concerns that Hofbauer would use the minor son's social security number for fraudulent purposes. Hofbauer claimed that Patel made the statement solely to defame him to a third party, which in this case was a judge and/or magistrate in the juvenile court case.

{¶ 8} In addition, Hofbauer asserted that the Mother "falsely alleged possible substance abuse" and that, pursuant to court order, she was able to require Hofbauer to submit to urine testing. Hofbauer alleged that the Mother's false allegations should be considered slander and defamation of character. Hofbauer asserted that Patel, through her representation of the Mother and in motions filed as part of that representation, promoted the alleged libel and defamation of character to the court and third parties.

3.

{¶ 9} Hofbauer also complained that Patel took advantage of him during the proceedings because he was acting in a pro se capacity. Hofbauer claimed that this conduct was amounted to unprofessional conduct and ethics violations that deprived him of his rights to due process, free speech and "access to the court," and formed the basis of his request for injunctive relief, including Patel's disbarment. Among Hofbauer's claims of unprofessional conduct was a claim that Patel had attempted to "push off" the responsibility of the Mother and her counsel with respect to visitation and negotiations with "misleading information."

{¶ 10} On September 11, 2025, Patel filed a motion to dismiss Hofbauer's action pursuant to Civ.R. 12(B)(6) for failure to state a claim. Thereafter, Hofbauer filed a motion requesting leave to file an amended complaint and a motion to amend the complaint.

{¶ 11} In his motion requesting leave to file an amended complaint, Hofbauer claimed that the amendment would not alter the "overall scope" of the complaint, nor any of its "reasonings or allegations." Instead, he sought to correct the manner in which he requested punitive damages because he had previously been unaware of how to properly request them. With regard to the proposed addition, Hofbauer stated only that, after further research of the case, he believed that Patel's "misleading" played a critical role in his overall damages and should therefore be considered a component to the complaint. He claimed that the "misleading" affected his due process rights and was in violation of "proper Attorney conduct and ethics." No proposed amended complaint was attached to the motion as required by Lucas County Court of Common Pleas Gen.R. 5.04(B).

4.

{¶ 12} Finally, in his motion to amend, Hofbauer alleged that Patel's "misleading" concerning whose responsibility it was to negotiate visitations was "unethical and irresponsible," was "an abuse of the legal system," and formed the basis for his punitive damages request.

{¶ 13} The trial court granted Patel's motion to dismiss and denied Hofbauer's motion to amend in an order and judgment entry journalized on November 5, 2025. In a subsequent order and judgment entry, the trial court granted Groth & Associates' motion to dismiss. Hofbauer timely appealed.

## Assignments of Error

{¶ 14} On appeal, Hofbauer asserts the following assignment of error:

I.      The trial court erred as a matter of law by dismissing Appellant's complaint where the complaint alleged sufficient operative facts to state cognizable claims for relief.

II.     The trial court erred by failing to construe Appellant's pro se pleadings fairly and by resolving factual inferences against the non-moving party.

III.    The trial court erred by misapplying the doctrine of litigation privilege to bar claims that alleged tortious conduct and actions not categorically protected by privilege.

IV.     The trial court abused its discretion by denying Appellant a meaningful opportunity to amend the complaint before terminating the action at the pleading stage.

5.

## Law and Analysis

### Assignments of Error I, II, and III

{¶ 15} Hofbauer argues in his first assignment of error that he alleged sufficient operative facts to state a cognizable claim for relief. He argues in his second assignment of error that the trial court failed to construe his pleadings "fairly and by resolving factual inferences against the non-moving party." And he argues in his third assignment of error that the trial court erred by misapplying the doctrine of litigation privilege to bar claims that alleged tortious conduct and actions not categorically protected by privilege. Because Hofbauer's first three assignments of error involve overlapping issues related to the trial court's granting of Patel's motion to dismiss under Civ.R. 12(B)(6), they will be considered together in this analysis.

{¶ 16} An appellate court reviews a trial court's decision to dismiss a complaint under Civ.R. 12(B)(6) de novo. *Veller v. K.B.*, 2025-Ohio-687, ¶ 18 (6th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "To dismiss a complaint for failure to state a claim, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Veller* at *id.,* quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. (Additional citation omitted.)

{¶ 17} In reviewing a Civ.R. 12(B)(6) motion, the appellate court presumes that the complaint's factual allegations are true and makes all reasonable inferences in the nonmoving party's favor. *Veller* at ¶ 19, citing *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192 (1988). But while we "assume the facts alleged in the complaint are true,

6.

we do not assume the legal conclusions alleged to be drawn from those facts are also true and disregard any unsupported conclusions included among the facts alleged in the complaint." *STE Invests., LLC v. Macprep, Ltd.*, 2022-Ohio-2614, ¶ 14 (6th Dist.).

{¶ 18} "'[A]s long as there is a set of facts, consistent with the plaintiff's complaint which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). On the other hand, "'neither the defendants nor the court is required to research or discover every possible legal claim that may be supported by the facts.'" *Veller* at ¶ 21, quoting *Kramer v. Angel's Path, LLC*, 2007-Ohio-7099, ¶ 14 (6th Dist.).

{¶ 19} At the outset of our analysis, we note that Hofbauer asserts in his first assignment of error only that the trial court "recharacterized [his] allegations, attributed causation to non-parties, and resolved disputed factual matters adverse to [him]." He makes no reference to the record, nor does he make any more specific claim.

{¶ 20} App.R. 12 (A)(2) states that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 21} Similarly, App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

7.

**{¶ 22}** As indicated above, Hofbauer does not cite any legal authority in support of his first assignment of error – not a single case, statute, or rule. "According to App.R. 12(A)(2) [an appellate court] may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument a required by App.R. 16(A)(7)[.]" (Citations omitted.) *Huffer v. Brown*, 2013-Ohio-4384, ¶ 12 (10th Dist.).

**{¶ 23}** On these grounds alone, Hofbauer's first assignment of error is properly dismissed. Even if we were to consider his first assignment of error, we find that his assertions of error are misplaced.

**Breach of contract**

**{¶ 24}** "A contract consists of an offer, acceptance, and consideration." *Fry v. FCA US* LLC, 2017-Ohio-7005, ¶ 17 (6th Dist.), citing *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16. (Additional citation omitted.) To succeed on a claim for breach of contract, a plaintiff must establish that "(1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure." *Quest Workforce Solutions, L.L.C. v. Job1USA, Inc.*, 2016-Ohio-8380, ¶ 40 (6th Dist.), citing *Blake Homes, Ltd. v. FirstEnergy Corp.*, 2007-Ohio-4606, ¶ 77 (6th Dist.).

**{¶ 25}** As the trial court indicated in its order and judgment entry, even most liberally construed, Hofbauer's allegations set forth no facts from which one could reasonably infer the existence of a specific contract between himself and Patel, let alone any breach. Instead, Hofbauer made mention in his complaint of an email that Patel had sent, wherein she extended the Mother's terms for proposed settlement:

8.

Gita U Patel in an email to Michael Hofbauer proposed an agreement to be made concerning the minor child…. Dated 11-5-2024 10:38 A.M. It is as follows 'Furthermore, my client is ready to agree to you having unsupervised visitations with [the child], on Sundays from 9:30am – 12:30pm only if you agree to provide negative drug tests within 24 hours of your visitation. The drug test must be performed the day before the visitation and my client will give you a 24 hour notice. The required drug test will not be every week, only when [the Mother] requests for a drug test to be produced. If you refuse to produce for a drug test or fail then unsupervised visitation will be terminated.' – Gita U Patel

Reiterating the fact that any agreement was between himself and the Mother, and not Patel, Hofbauer further alleged that "both parents verbally agreed to unsupervised visits which was allowed and written into the court order to be allowed."

{¶ 26} Thus, Hofbauer's claimed breach of contract claim was predicated on the Mother's alleged breach of the alleged settlement agreement. We note that throughout the complaint it was Hofbauer's contention that it was the Mother, and not Patel, who repeatedly interfered with his ability to have unsupervised visits with the child. He even suggested the reason for this repeated interference was the Mother's "retaliation" for Hofbauer's having raised in court the issue of the allocation of tax credits.

{¶ 27} Even presuming that the complaint's factual allegations were true and making all reasonable inferences in the nonmoving party's favor, the allegations set forth in the complaint plainly reflect that there was no contract between Hofbauer and Patel. Accordingly, the trial court properly dismissed Hofbauer's breach of contract claim against Patel.

9.

**Libel and slander**

{¶ 28} To establish a claim for defamation, a plaintiff must show "(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." (Citation omitted.) *Speller v. Toledo Public Schools Bd. of Ed.,* 2017-Ohio-7994, ¶ 51, quoting *Dickinson v. Spieldenner*, 2017-Ohio-667, ¶ 14 (6th Dist.). Where an allegedly defamatory statement is made in a written pleading and bears some reasonable relation to the judicial proceeding in which it appears, the doctrine of absolute privilege precludes liability. *Surace v. Wuliger*, 25 Ohio St.3d 229, syllabus (1986); *see also Reister v. Gardner*, 2020-Ohio-5484, ¶ 8, 10 (the litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for defamatory statements made during and relevant to judicial proceedings).

{¶ 29} Hofbauer's complaint expressly alleged that the defamatory statements attributed to Patel arose in written motions to the court in the underlying juvenile court proceeding. Specifically, Hofbauer alleged that Patel made negative comments about him "within a motion to the Judge and magistrate." Inasmuch as it is undisputed that Hofbauer's claims of defamation arose out of Patel's motions to the court and, thus, were made in written pleadings in relation to the juvenile proceeding, the trial court properly found that the doctrine of absolute privilege applied to Patel's communications to the court. Accordingly, the clear and unambiguous allegations of Hofbauer's complaint,

10.

taken as true, establish as a matter of law that Hofbauer failed to state a claim upon which relief may be granted for libel or slander, and so dismissal was proper.

**Invasion of privacy**

{¶ 30} To succeed on a claim for invasion of privacy by publication of private facts, a plaintiff must show "(1) the disclosure was public in nature; (2) the facts disclosed concerned an individual's private life, not his public life; (3) the matter publicized would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) the publication was made intentionally, not negligently and (5) the matter publicized was not of legitimate concern to the public. *Villa v. Elmore,* 2005-Ohio-6649, ¶ 38, citing *Early v. The Toledo Blade*, 130 Ohio App.3d 302, 342, (1998), citing *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166–167 (1985). In addition, the Supreme Court of Ohio has held that consent is an absolute defense to an invasion of privacy claim. *Lunsford v. Sterilite of Ohio, L.L.C.*, 2020-Ohio-4193.

{¶ 31} In the case at bar, Hofbauer asserts a claim for invasion of privacy predicated upon Hofbauer's disclosure of urine screening to Patel. Specifically, Hofbauer alleged that he "followed through [with the urine testing] and provided [Patel] with confidential medical information," but that "it was not used as intended for the contractual purposes" -- that is, it was not used "to clarify and allow [Hofbauer] to have visits."

{¶ 32} Hofbauer acknowledges that he voluntarily submitted to urine screening as part of the visitation agreement with the Mother. As such, he consented to the disclosure of the urine screening. By Hofbauer's own admissions throughout the complaint, the

11.

issue of child visitation was central to the juvenile court proceedings. Accordingly, not only did Hofbauer consent to the urine screening and the sharing of that information with Patel, but the information produced was core to the court proceedings relative to the issue of custody. In addition, Hofbauer failed to allege any publication of the information to any third party. Under these circumstances, Hofbauer's consent is a complete bar to his claim of invasion of privacy. Thus, the clear and unambiguous allegations of Hofbauer's complaint, taken as true, establish as a matter of law that Hofbauer failed to state a claim for invasion of privacy upon which relief may be granted, and so dismissal was proper.

**ADA discrimination**

{¶ 33} Both the ADA and Ohio's civil rights statutes under R.C. Chapter 4112 broadly protect individuals with physical and mental disabilities from discrimination. In his complaint, Hofbauer asserted a claim of ADA discrimination against non-party the Mother. Specifically, he alleged that the Mother abruptly halted his unsupervised visits in retaliation for his inquiry about a tax dependent claim that the Mother had made. Hofbauer considers this to be discrimination against him because of his status as a recovering addict, which is a protected status under the ADA. In making these allegations, Hofbauer fails to state a cause of action under the ADA against Patel, whom he acknowledges was nothing more than the Mother's legal counsel. Once again, the clear and unambiguous allegations of Hofbauer's complaint, taken as true, establish as a matter of law that Hofbauer failed to state a claim under the ADA upon which relief may be granted, and so dismissal was proper.

12.

**Vicarious liability**

{¶ 34} Hofbauer's claims against appellee Groth & Associates, by his own admission, are predicated solely upon the theory of vicarious liability. An employer may be vicariously liable for an employee's tort under the doctrine of respondeat superior. *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 2009-Ohio-3601, ¶ 20, citing *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994). (Additional citation omitted.) Liability depends on the employer's control over the employee. *Natl. Union* at *id.,* citing *Hanson v. Kynast*, 24 Ohio St.3d 171, 173 (1986). But in order for liability to extend to the employer, the employee must first be liable for a tort committed within the scope of her employment. *Natl. Union* at ¶ 23. Thus, if there is no underlying employee liability, there can be no employer liability.

{¶ 35} Because the trial court properly dismissed the claims against Patel as there is no liability against her, the trial court properly dismissed Hofbauer's vicarious liability claim against Groth & Associates. Thus, the clear and unambiguous allegations of Hofbauer's complaint, taken as true, establish as a matter of law that Hofbauer failed to state a vicarious liability claim upon which relief may be granted, and so dismissal was proper.

{¶ 36} For the foregoing reasons, Hofbauer's first, second, and third assignments of error are found not well-taken.

## Assignment of Error IV

{¶ 37} Hofbauer argues in his fourth assignment of error that the trial court abused its discretion by denying him a meaningful opportunity to amend his complaint before

13.

terminating his action at the pleading stage. The law is clear that "[a] trial court's denial of a motion for leave to amend a pleading will not be reversed absent an abuse of discretion." *Musil v. Gerken Materials, Inc.*, 2020-Ohio-3548, ¶ 23 (6th Dist.). Abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 38} Under Civ.R. 15(A), "A party may amend its pleading once as a matter of course within twenty-eight days after serving it…. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires."

{¶ 39} A motion to amend should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Musil* at ¶ 25, citing *Leo v. Burge Wrecking, LLC,* 2017-Ohio-2690, ¶ 10 (6th Dist.). "'Factors for the trial court to consider include whether the movant makes a prima facie showing of support for the new matters sought to be pleaded, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party.'" *Musil* at *id.*, quoting *Frankel v. Toledo Pub. Schools*, 2015-Ohio-1571, ¶ 16 (6th Dist.), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating*, 60 Ohio St.3d 120 (1991).

{¶ 40} "'Where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading.'" *Frankel* at ¶ 16, quoting *Wilmington Steel*. "This requirement ensures that a proposed amendment is not a delaying tactic or one which would cause prejudice to the opposing party." *State ex rel. Jeffers v. Athens Cty. Comm'r.*, 2016-Ohio-14.

8119, ¶ 64 (4th Dist.), citing *Darby v. A–Best Products Co.*, 2004–Ohio–3720, ¶ 20, citing *Wilmington Steel* at 122. Where the motion to amend follows the filing of a dispositive motion, the timing of a motion to amend can raise the "spectre of prejudice." *See, e.g., Frankel* at ¶ 18.

{¶ 41} Here, the trial court began its analysis by noting that no proposed amended complaint was attached to Hofbauer's motion as required by local rule. *See* Lucas County C.P. Gen.R. 5.04(B) ("A motion seeking leave to amend a pleading shall include a copy of the proposed amended pleading.")  In addition, the trial court noted that Hofbauer filed his motion to amend following the filing of Patel's motion to dismiss and so potentially raised the spectre of prejudice. Further, the trial court determined that Hofbauer's proposed reframed request for punitive damages did not amount to a new cause of action and, further, would be futile, inasmuch as Hofbauer "premise[d] such damages on his other causes of action." The trial court explained:

> Plaintiff's Complaint fails to state any cause of action upon which he can recover from Defendant. The deficiencies do not merely rest on pleading 'mistakes,' technicalities, or lack of sufficient factual allegations. Where an amendment to the complaint would be futile, it is not an abuse of the trial court's discretion to deny the motion. *See, e.g., Hogrefe v. Mercy St. Vincent Med. Ctr.*, 2014-Ohio-2687, ¶ 67 (6th Dist.)

{¶ 42} Finally, the trial court determined that Hofbauer's other basis for amendment -- "that 'Defendant's "misleading" played a critical role in [his] overall damages'" -- was vague and offered no support for any new matters he wished to plead.

{¶ 43} On these grounds, the trial court concluded that "even the most liberal construction of Civ.R. 15(A)" led it to deny the motion to amend.

15.

**{¶ 44}** Upon this record, we cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably when it denied Hofbauer's motion for leave to amend. Accordingly, Hofbauer's fourth assignment of error is found not well-taken.

### Conclusion

**{¶ 45}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Thomas J. Osowik, P.J.                            _____
                                                    JUDGE

Gene A. Zmuda, J.

                                              _____

Myron C. Duhart, J.                                     JUDGE
CONCUR.

                                              _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.